| | |
|---|---|
| STATE OF INDIANA ) | IN THE HAMILTON SUPERIOR COURT 01 |
| ) | |
| COUNTY OF HAMILTON ) | SS: |

| | |
|---|---|
| SWAG MERCHANDISING INC, a ) California corporation, DEVO INC. ) CORPORATION CALIFORNIA, ) a California corporation, ) ) | CAUSE NO. 29D01 1312 CC12654 |
| Plaintiffs, ) | |
| ) | |
| v. ) | FILED |
| ) | |
| T.V. STORE ONLINE, a Michigan ) corporation; FRED HAJJAR, ) | DEC 3 1 2013 |
| ) | *Peggy Bearun* |
| Defendants. ) | CLERK OF THE HAMILTON SUPERIOR COURT |

## APPEARANCE BY ATTORNEY IN A CIVIL CASE

Party Classification:        Plaintiff.

1.      The undersigned attorney listed on this form below now appears in this case for the following party member(s):      SWAG MERCHANDISING INC. and DEVO INC. CORPORATION CALIFORNIA ("DEVO")

2.      Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

Theodore J. Minch (18798-49)
Sovich Minch, LLP
10500 Crosspoint Boulevard
Indianapolis, Indiana 46256
(317) 335-3601 (t)
(317) 335-3602 (f)
E-mail: tjminch@sovichminch.com

3.      There are no other party members.

4.      I will accept service by fax at the above-referenced telefax number.

5.      There are no known related cases to this Cause.

6.      This form has been served on the responding parties as evidenced by the attached form.

Theodore J. Minch (18798-49)
SOVICH MINCH, LLP



**EXHIBIT**

1

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing Appearance of Counsel in a Civil Matter was served on the following, via first class mail, postage pre-paid on this 31ˢᵗ day of December    , 2013:

T.V. STORE ONLINE and
    FRED HAJJAR, Defendants
c/o Jennifer Dukarski
Butzel Long
Counsel to Defendants
301 East Liberty Street, Suite 500
Ann Arbor, Michigan 48104


Theodore J. Minch (18798-49)
SOVICH MINCH, LLP

STATE OF INDIANA    )
                    )  ss:
                    )
COUNTY OF HAMILTON  )

IN THE HAMILTON _Superior_ COURT NO. _01_
One Hamilton County Square, Suite 106
Noblesville, Indiana  46060
317-776-_____

CASE NUMBER: _29D01 1312 CC 12054_

_SWAG MERCHANDISING INC, a_
_California Corporation, DEVO, INC. Corporation,_
Plaintiff _CALIFORNIA, a California Corporation,_

-vs-

_I.V. STORE ONLINE, a Michigan_
_corporation; FRED HAJJAR,_
Defendant

F I L E D

DEC 31 2013

_Peggy Beaver_
CLERK OF THE
HAMILTON SUPERIOR COURT

## SUMMONS

TO DEFENDANT:   (Name) _I.V. STORE ONLINE and FRED HAJJAR c/o Jennifer Dukarski_
                                                              _Butzel Long_

                (Address) _301 East Liberty Street Suite 500_
                          _Ann Arbor, MI 48104_

        You are hereby notified that you have been sued by the person named as
Plaintiff and in the Court indicated above.
        The nature of the suit against you is stated in the Complaint which is
attached to this Summons.  It also states the relief sought or the demand made
against you by the Plaintiff.
        An answer or other appropriate response in writing to the Complaint must
be filed either by you or your attorney within twenty (20) days, commencing the
day after you receive this Summons (or twenty-three (23) days if this Summons was
received by mail), or a judgment by default may be rendered against you for the
relief demanded by the Plaintiff.
        If you have a claim for relief against the Plaintiff arising from the same
transaction or occurrence, you must assert it in your written answer.

Dated_____DEC 31 2013_____              _Peggy Beaver_ [7]
                                    Clerk, Hamilton _____CLERK OF COURTS_____

_Theodore J. Minch_
Plaintiff or Counsel
_10500 Crosspoint Blvd._
Address
_Indpls IN 46256_
_317-335-3601_       _18798-49_
Telephone            Attorney Number

The following manner of service of Summons is hereby designated:
    _X_   Registered or Certified Mail
    _____ Service on individual at above address:  County_____
    _____ Service on agent:  (specify)_____
    _____ Service by Publication

sumreg 6/19/02

HAMILTON SUPERIOR COURT
SEAL
INDIANA





PEGGY BEAVER
CLERK OF HAMILTON CO
STE 106
1 HAMILTON COUNTY SQ
NOBLESVILLE, IN 46060-2228

First Class Mail®

ELECTRONIC SCAN REQUIRED

**F**

USPS FIRST-CLASS MAIL®

PEGGY BEAVER
CLERK OF HAMILTON CO
STE 106
1 HAMILTON COUNTY SQ
NOBLESVILLE, IN 46060-2228

TV STORE ONLINE & FRED HAJJAR, C/O
JENNIFER OUKORSKI GUTZELLONG
301 E LIBERTY ST STE 500
ANN ARBOR, MI 48104-2283



USPS SIGNATURE TRACKING #

9202 1901 0661 5400 0026 1299 85

Electronic Rate Approved #901061154

Attention Carrier on Route #C020
This piece is being monitored for
Delivery and Scanning accuracy

Non-Machinable Parcel

D011312CC12054 SNT. 1230 LM

| STATE OF INDIANA | ) | IN THE HAMILTON SUPERIOR COURT 01 |
|---|---|---|
| | ) | |
| COUNTY OF HAMILTON | ) | SS: |

| | |
|---|---|
| SWAG MERCHANDISING INC, a ) California corporation, DEVO INC. ) CORPORATION CALIFORNIA, ) a California corporation, ) | |

CAUSE NO. 29D01  1312 CC 12D54

**FILED**

DEC 3 1 2013

*Peggy Rearver*
HAMILTON SUPERIOR COURT

Plaintiffs,

v.

T.V. STORE ONLINE, a Michigan
corporation; FRED HAJJAR,

Defendants.

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

This is an action by SWAG MERCHANDISING INC. ("SWAG") and DEVO INC.

CORPORATION CALIFORNIA ("DEVO") (together, "Plaintiffs") for damages arising from

Defendant T.V. STORE ONLINE's ("T.V. STORE") and FRED HAJJAR ("Hajjar") (together,

"Defendants") unauthorized use of Plaintiffs' protected intellectual property rights on and / or in

connection with the marketing, advertising, and distribution of products produced, manufactured,

marketed, advertised, and / or sold by Defendants.  Plaintiff also seeks injunctive relief requiring

Defendants to cease any further unauthorized use of Plaintiffs' intellectual property rights.

## I.    THE PARTIES.

1.    SWAG is a corporation incorporated and existing under the laws of the State of

California, having its principal place of business in California, which owns the exclusive right to

license the musical group DEVO's various trademarks, copyrights, and individual (and

collective) rights of publicity.

2.     DEVO is a corporation incorporated and existing under the laws of the state of California, having its principal place of business in California, which owns the internationally recognized musical group DEVO's intellectual property, including trademarks, copyrights, and rights of publicity.

3.     Plaintiffs are informed, believe, and based thereon allege that T.V. STORE is a corporation organized and existing pursuant to Michigan law and maintains its principal place of business in Commerce Township, Michigan.

4.     Plaintiffs are informed, believe, and based thereon allege that FRED HAJJAR is an individual who maintains residence in Commerce Township, Michigan.

5.     Plaintiffs are informed, believe, and based thereon allege that T.V. STORE is in the business of manufacturing, marketing and distributing apparel and memorabilia based on classic and current television programming, movies, and / or musical categories.

## II.     JURISDICTION.

6.     Jurisdiction and venue is proper in this Court pursuant to Ind. Code § 33-28-1-1 and Ind. Tr. Rule 75(A)(1), T.R. 75(A)(2), T.R. 75(A)(4), and T.R. (A)(8).

## III.     ALLEGATIONS COMMON TO ALL COUNTS.

7.     As a consequence of their widely recognized and acclaimed career and the attendant fame and prominence, various commercial rights of substantial value have attached to DEVO's name, image, and likeness, as well as various trademarks and copyrights.  These rights are proprietary rights recognized and protected by the common law, federal statutes and by certain trademarks and copyrights registered in the United States and various foreign countries.

8.     SWAG is the exclusive licensing agent in and to the rights associated with DEVO's name, image, likeness, certain trademark rights, both international and domestic, in and

to the name and image of DEVO, and certain copyrights related to DEVO and its music (hereinafter, collectively, the "DEVO Intellectual Property").

9.     As exclusive licensor of the DEVO Intellectual Property, SWAG licenses the DEVO Intellectual Property to third parties, around the globe, interested in trading off of and / or associating with the fame and worldwide recognition of DEVO by using the DEVO Intellectual Property on and / or in association with said third parties' products and / or services.

10.     Likewise, as exclusive licensor of the DEVO Intellectual Property, SWAG polices, around the globe, against third party unauthorized uses of the DEVO Intellectual Property by entities and / or individuals, such as Defendants in this Case, seeking to unfairly and unlawfully trade off of and / or associate with the fame and worldwide recognition of the DEVO Intellectual Property by using the DEVO Intellectual Property without prior express authorization from DEVO and / or SWAG, on and/or in association with said third parties' products and/or services.

11.     At all relevant times hereto, SWAG has licensed, used, and protected the DEVO Intellectual Property from misuse.

12.     Defendants do not now have, nor have they ever had, permission from DEVO and / or SWAG to commercially exploit the DEVO Intellectual Property in any manner.

13.     Defendants are manufacturing, producing, marketing, advertising, and / or retailing an unlicensed product known as "Energy Dome Hats" (the "Unauthorized Merchandise") which are commonly known by consumers to be associated with DEVO. The Unauthorized Merchandise are of the following specific appearance: red in color, circular, and including four tiers of the circular design, with each tier becoming larger in circumference from the top of the hat to the bottom of the hat.

14.     Consumers coming in contact with and / or in the market for the Unauthorized Merchandise would immediately recognize the same as being associated with, sponsored by, and / or endorsed by DEVO.

15.     Moreover, SWAG, as DEVO's exclusive agent, and on behalf of DEVO, has in fact licensed a legitimate third party to create the products known as "Energy Dome Hats" which are identical and / or substantially similar in appearance, shape, form, size, etc. as to be nearly indistinguishable from the Unauthorized Merchandise.

16.     In light of the foregoing, Defendants' production, manufacture, marketing, promotion, and / or sale of the Unauthorized Merchandise, as complained of herein, are the precise sort of uses that SWAG would have (and, in fact, has) authorized or licensed to legitimate third party licensees desiring to associate their brands and / or products with DEVO.  Such unauthorized uses are highly injurious to both SWAG's ability to license the DEVO Intellectual Property and / or to DEVO, itself, by tarnishing the name and reputation of DEVO.

17.     Defendants' unlicensed merchandise was offered for sale to consumers around the world, including but not limited to the State of Indiana, on websites such as www.ebay.com, www.amazon.com, and defendants' own website, www.tvstoreonline.com.  As such, Defendants' unauthorized and illegal activities as herein complained of have harmed Plaintiffs in the State of Indiana as well as Indiana consumers.

### IV.    ACTS COMPLAINED OF.

18.     On or about April 24, 2013, SWAG learned that Defendants had used the DEVO Intellectual Property on and or in connection with the manufacture, production, advertisement, marketing, and / or sale of the Unauthorized Merchandise.

19.     SWAG contacted Defendants in writing via US Mail, twice (April, 2013 and again August 9, 2013) to notify Defendants of their unauthorized use of the DEVO Intellectual Property, to advise Defendants of Plaintiffs' rights in and to the DEVO Intellectual Property, and to demand that Defendants cease and desist any and all use of the DEVO Intellectual Property on and / or in association with their business and / or the Unauthorized Merchandise.

20.     On or about April 24, 2013 SWAG received information from Defendants regarding Defendants' sale of the Unauthorized Merchandise; specifically, Defendants claimed it received the Unauthorized Merchandise from "Kung Fu" a purported licensee of Plaintiffs'.

21.     SWAG determined this information received from Defendants to be inaccurate and, as such, requested Defendants provide the cost of the Unauthorized Merchandise, in writing.

22.     Later, however, contrary to the information provided by Defendants on April 24, 2013, on September 9, 2013 Defendants informed SWAG that the Unauthorized Merchandise was manufactured by a company called "Brands on Sale" (not by Kung Fu as originally asserted by Defendants).

23.     Regardless of the party responsible for the production of the Unauthorized Merchandise SWAG, informed Defendants that the Unauthorized Merchandise was of inferior quality compared to licensed substantially similar Energy Dome Hats and would ultimately harm DEVO's reputation. Unlike the hats created by legal licensee Kung Fu, the Energy Dome Hats marketed by Defendants contained a "protruding plastic ring on the lower tier of the dome," and the foam inserts inside the Energy Dome Hats were inconsistently cut rather than made from a mold, the latter being the procedure for the foam inserts in the licensed Energy Dome Hats.

24.     Nearly four (4) months after SWAG first contacted Defendants requesting Defendants cease and desist from all infringing use of the DEVO Intellectual Property,  on or

about August 12, 2013, SWAG received notice from Defendants that they had removed all advertisements for the Infringing Merchandise.

## V.     CONDITIONS PRECEDENT TO FILING.

25.     At all times relevant hereto, Defendants have used the DEVO Intellectual Property without the prior express, written authorization of Plaintiffs in this judicial district thereby causing injury to Plaintiffs in this judicial district by producing, manufacturing, offering for sale, marketing, advertising, and / or distributing the Unauthorized Merchandise for sale in Indiana (and around the globe) by way of Defendants' Internet site located at http://www.tvstoreonline.com/, and via major online retailers such aswww.amazon.com and www.ebay.com.

26.     At all times relevant hereto, Defendants have actually sold products on and/or in connection with which the DEVO Intellectual Property was used, without authorization by Defendants.

27.     At all times relevant hereto, Defendants have intended to associate themselves and / or the Unauthorized Merchandise with SWAG and / or DEVO by using the DEVO Intellectual Property on and / or in connection with the Unauthorized Merchandise without the prior express authorization of Plaintiffs.

28.     Defendants' unauthorized and infringing use of the DEVO Intellectual Property on and / or in connection with the Unauthorized Merchandise has resulted in significant and irreparable harm to Plaintiffs.

## VI.   CAUSES OF ACTION AS TO DEFENDANTS' CONDUCT.

### FIRST CAUSE OF ACTION
### VIOLATION OF §43(a) (15 U.S.C. §1125(a)) OF THE LANHAM ACT

29.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 28, above, as though fully set forth herein.

30.     Each and every one of the Defendant's actions as alleged herein constitute false designation of origin, affiliation or sponsorship in violation of 15 U.S.C. § 1125(a).

31.     Each and every one of the Defendant's unauthorized use of the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 as owned by DEVO, constitutes a false designation of origin and a false description or representation that wrongfully and falsely designates the services and products offered thereunder as originating from SWAG and / or DEVO, or being associated, affiliated or connected with or approved or sponsored by SWAG and / or DEVO.

32.     As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer and / or are likely to suffer damage to Plaintiffs' trademarks, business reputation, and goodwill. Defendants will continue, unless restrained, to conduct its business using the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 and will cause irreparable damage to Plaintiffs.  Plaintiffs have no adequate remedy at law and are therefore entitled to an injunction restraining Defendants, its officers, agents, servants, licensees, and employees, and all persons acting in concert with Plaintiff, from engaging in further acts of false designation of origin, affiliation or sponsorship.

33.     Plaintiffs are further entitled to recover from Defendants the actual damages sustained by Plaintiffs and / or are likely to sustain as a result of Defendants' wrongful acts.  Plaintiffs are presently unable to ascertain the full extent of the monetary damages that Plaintiffs have suffered and / or are likely to suffer by reason of Defendants' acts of false designation of origin, affiliation or endorsement.

34.     Plaintiffs are also entitled to recover from Defendants the gains, profits, and advantages that Defendants have realized as a result of its wrongful acts. Plaintiffs are presently unable to ascertain the extent of the gains, profits, and advantages that Defendants have realized by reason of Defendants' acts of false designation of origin, affiliation or endorsement.

35.     Because of the willful nature of Defendants' wrongful acts, Plaintiffs are entitled to an award of treble damages and increased profits pursuant to 15 U.S.C. § 1117.

36.     Plaintiffs are also entitled to recover their attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## SECOND CAUSE OF ACTION
### (Trademark Infringement – 15 U.S.C. § 1114 and Common Law)

37.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 36, above, as though fully set forth herein.

38.     Each and every one of the Defendants have used in commerce, without Plaintiffs' permission, the the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516, in a manner that is likely to cause confusion with respect to the source and origin of Defendants' business and is likely to cause confusion or mistake and to deceive purchasers as to the affiliation, connection, approval, sponsorship, or association of SWAG and / or DEVO and Defendants and / or the Unauthorized Merchandise.

39.     Each and every one of the Defendant's acts constitutes willful infringement of the the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 in violation of 15 U.S.C. § 1114 and the common law.

40.     As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer and / or are likely to suffer damage to their trademark, business reputation, and goodwill. Defendants will continue to use, unless restrained, the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 and will cause irreparable damage to Plaintiffs. Plaintiffs have no adequate remedy at law and are entitled to an injunction restraining Defendants, their officers, agents, licensees, servants, and employees, and all persons acting in concert with Defendants, from engaging in further acts of infringement.

41.     Plaintiffs are further entitled to recover from Defendants the actual damages that Plaintiffs have sustained and / or are likely to sustain as a result of Defendants' wrongful acts.

42.     Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of Defendants' wrongful acts.

43.     Because of the willful nature of Defendants' wrongful acts, Plaintiffs are entitled to an award of punitive damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

44.     Plaintiffs are also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. § 1117.

## THIRD CAUSE OF ACTION
### (Counterfeiting – 15 U.S.C. § 1114(a))

45.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 44, above, as though fully set forth herein.

46.     Defendants have used in commerce marks which are identical with or substantially indistinguishable from the the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516.

47.     The DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 are currently in use and registered on the Principal Register for the same class of goods as being used in connection with Defendants' counterfeit marks.

48.     At all relevant times alleged herein, Defendants' use of counterfeit copies of the the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 was unauthorized by Plaintiffs.

49.     Defendants' acts constitute willful trademark counterfeiting in violation of 15 U.S.C. § 1114.

50.     Defendants intentionally used counterfeits of the the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 with knowledge that the marks were counterfeit, because Defendants had no authority to use the the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 to identify non-genuine goods. Such conduct constitutes willful trademark counterfeiting of the marks in United States Trademark registration nos. 3161662 and 3167516.

51.     Upon information and belief, by virtue of its unlawful conduct, Defendants have made or will make substantial profits and gains to which it is not in law or equity entitled.

52.     As a direct and proximate result of Defendants' wrongful acts, Plaintiffs have suffered and continue to suffer and / or are likely to suffer irreparable harm to Plaintiffs. Plaintiffs have no adequate remedy at law and is entitled to an injunction restraining Defendants, its officers, agents, licensees, servants, and employees, and all persons acting in concert with Defendants, from engaging in further acts of counterfeiting.

53.     Plaintiffs are further entitled to recover all profits heretofore realized by Defendants during its use of the counterfeit the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516.

54.     Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages that Defendants have obtained as a result of Defendants' wrongful acts.

55.     Defendants' wrongful acts have been willful, malicious, and fraudulent with knowledge of the likelihood of confusion and deception and with intent to confuse, as alleged above. Plaintiffs are entitled to recover three times the amount of Defendants' profits plus Plaintiffs' reasonable attorneys' fees pursuant to 15 U.S.C.§1117(b).

56.     Plaintiffs are entitled to an award of punitive damages under the common law, and treble damages and increased profits under 15 U.S.C. § 1117.

57.     Alternatively, Plaintiffs are entitled to recover statutory damages pursuant to 15 U.S.C. §1117(c).

58.     Plaintiffs are also entitled to recover its attorneys' fees and costs of suit pursuant to 15 U.S.C. §1117.

## FOURTH CAUSE OF ACTION
### (Dilution – 15 U.S.C.§ 1125(c) and N.Y. Gen. Bus. Law § 360-l)

59.    Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 58, above, as though fully set forth herein.

60.    The DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 have acquired distinction and strong secondary meaning through extensive, continuous, and exclusive use of the the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 before Defendants began their unauthorized commercial use and promotion of said rights.

61.    The DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516  are famous and distinctive within the meaning of 15 U.S.C. §1125(c)(1).

62.    Defendants' use of the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516, has caused and is likely to cause dilution by blurring and dilution by tarnishment of the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 in violation of 15 U.S.C. §1125(c).

63.    Defendants' acts complained of herein are likely to damage Plaintiffs irreparably. Plaintiffs have no adequate remedy at law for such wrongs and injuries. The damage to Plaintiffs includes harm to its trademarks, goodwill, and reputation that money cannot compensate. Plaintiffs are entitled to a preliminary and permanent injunction enjoining Defendants' use of the The DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516  or any marks confusingly similar thereto or

dilutive thereof in connection with the promotion, advertisement and sale of Unauthorized Merchandise.

64.     Plaintiffs are further entitled to recover from Defendants Plaintiffs' actual damages sustained by Plaintiffs as a result of Defendants' wrongful acts. Plaintiffs are presently unable to ascertain the full extent of the monetary damages Plaintiffs have suffered by reason of Defendants' acts of dilution.

65.     Plaintiffs are further entitled to recover from Defendants the gains, profits, and advantages Defendants have obtained as a result of Defendants' wrongful acts. Plaintiffs are presently unable to ascertain the extent of the gains, profits and advantages Defendants realized by reason of Defendants' willful acts of dilution.

66.     Because of the willful nature of Defendants' actions, Plaintiffs are entitled to all remedies available under 15 U.S.C. §§ 1117 and 1118.

### FIFTH CAUSE OF ACTION
### (Common Law Unfair Competition)

67.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 66, above, as though fully set forth herein.

68.     By reason of the foregoing, Defendants have been, and are, engaged in acts of unfair competition in violation of the common law.

69.     Upon information and belief, by virtue of Defendants' unlawful conduct, Defendants have made or will make substantial profits and gains to which Defendants are not in law or equity entitled.

70.     Defendants' aforesaid conduct has caused Plaintiffs irreparable harm and, unless enjoined, will continue to cause Plaintiffs irreparable harm, for which Plaintiffs have no adequate remedy at law.

## SIXTH CAUSE OF ACTION
## STATUTORY RIGHT OF PUBLICITY

71.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 70, above, as though fully set forth herein.

72.     DEVO, collectively and / or individually (members of the musical group) is a "personality" as defined by I.C. § 32-36-1-6, because the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 and the DEVO Right of Publicity, has commercial value.

73.     DEVO, collectively and / or by individual members, have continuously used and authorized (i.e. - licensed) the use of the DEVO Intellectual Property, for commercial purposes.

74.     Defendants have used the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 and the DEVO right of publicity, for a commercial purpose in violation of I.C. § 32-36-1-8 without first having obtained previous written consent from Plaintiffs

75.     Defendants have knowingly, intentionally, willfully, and maliciously engaged in conduct prohibited by I.C. § 32-36-1-8.

76.     Plaintiffs' rights in and to the DEVO Intellectual Property, including but not limited to, the DEVO right of publicity, have been and will continue to be irreparably harmed by Defendants unless Defendants are, collectively or individually, preliminarily enjoined from their further continued use of the DEVO Intellectual Property, including the DEVO right of publicity.

77.     Plaintiffs' remedy at law is inadequate to prevent further violation of its rights.

## SEVENTH CAUSE OF ACTION
## RIGHT OF PUBLICITY INFRINGEMENT UNDER CAL. CIV. CODE §3344

78.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 77, above, as though fully set forth herein.

79.     DEVO is the real party in interest and may duly exercise and enforce the DEVO Intellectual Property, including but not limited to the DEVO right of publicity, pursuant to Cal.Civ.Code §3344.

80.     Because each and every one of the Defendants has used the DEVO Intellectual Property, including the DEVO right of publicity, on and / or in connection with the advertising, marketing, production, distribution, and / or sale of the Unauthorized Merchandise without Plaintiffs' prior express (or otherwise) authorization, each and every one of Defendants has violated Cal.Civ.Code §3344.

81.     Each and every one of the Defendants' unauthorized uses of the DEVO Intellectual Property, including the DEVO right of publicity, without Plaintiffs' prior express (or otherwise) authorization was so directly connected with Unauthorized Merchandise itself that consent to such use of the DEVO Intellectual Property by Plaintiffs is required under Cal.Civ.Code §3344.

82.     Each and every one of the Defendants have knowingly, maliciously, and intentionally engaged in conduct prohibited by Cal.Civ.Code §3344.

83.     DEVO's rights have been and will continue to be irreparably harmed by each and every one of the Defendants unless each and every one of the Defendants is enjoined from further continued use of the DEVO Intellectual Property, including the DEVO right of publicity.

84.     DEVO's remedy of law is inadequate to prevent further violation of its rights.

## EIGHTH CAUSE OF ACTION
## COMMON LAW RIGHT OF PUBLICITY

85.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 84, above, as though fully set forth herein.

86.     DEVO is famous entity with a unique identity and personae that is commercially exploited by Plaintiffs under license and protected from misuse by Plaintiffs by third parties, such as Defendants, desiring to associate themselves and / or their goods and services with DEVO.

87.     DEVO's image, likeness, name, and/or personae comprises a combination of many features carefully cultivated by DEVO's professional career; it is this personae by which DEVO is universally recognized and remembered and pursuant to which the DEVO Intellectual Property, including the DEVO right of publicity, is valued.

88.     Defendants' knowing, intentional, willful, and malicious unauthorized commercial exploitation of the DEVO Intellectual Property, including the DEVO right of publicity, constitutes a violation of the common law right of publicity.

89.     Plaintiffs' rights have been and will continue to be irreparably harmed by Defendants unless Defendants are, collectively or individually, preliminarily enjoined from their further continued use of the DEVO Intellectual Property, including the DEVO right of publicity.

90.     Plaintiffs have suffered damages not yet ascertainable due to the violation of the DEVO Intellectual Property, including the DEVO right of publicity by the Defendants.

## NINTH CAUSE OF ACTION
## CONVERSION

91.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 90, above, as though fully set forth herein.

92.     By engaging in the conduct as herein described and complained of, Defendants have exerted unauthorized control over the property of another with the intent to deprive Plaintiffs of its benefit, to wit: the DEVO Intellectual Property of Plaintiffs, jointly and / or individually, are interest holders and beneficiaries.

93.     On the basis of Defendants' unlawful and illegal actions as herein complained of, Defendants have committed conversion as defined under Indiana law at I.C. § 35-43-4-3.

94.     Defendants' commission of conversion has proximately caused Plaintiffs to suffer damages in a sum as yet to be ascertained.

### TENTH CAUSE OF ACTION
### DECEPTION

95.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 94, above, as though fully set forth herein.

96.     By engaging in the conduct as herein described and complained of, Defendants have disseminated to the public products and/or advertisements that Defendants know are false, misleading, or deceptive, with intent to promote the purchase or sale of Defendants' business and/or products.

97.     On the basis of Defendants' unlawful and illegal actions as herein complained of, Defendants have committed deception as defined under Indiana law at I.C. § 35-43-5-3 (a)(6).

98.     Defendants' commission of deception has proximately caused Plaintiffs to suffer damages in a sum as yet to be ascertained.

### ELEVENTH CAUSE OF ACTION
### INDIANA CRIME VICTIMS' ACT

99.     Plaintiffs repeat and reallege each and every allegation of paragraphs 1 through 98, above, as though fully set forth herein.

100.   Under the Indiana Crime Victims' Act, Ind. Code § 35-24-3-1, a person that suffers pecuniary loss as a result of a violation of Ind. Cod § 35-43 *et seq.,* may bring a civil action as against the person who caused the loss for treble damages, costs of the action, and reasonable attorneys' fees.

101.   Defendants have violated Ind. Code § 35-43 through their knowing, intentional, willful, and malicious commission of the following offenses: a. "Conversion" as defined in Ind. Code § 35-43-4-3; and b. "Deception" as defined in Ind. Code § 35-43-5-3.

102.   Plaintiffs are victims of Defendants' knowing, intentional, willful, and malicious criminal violations and, as a result, has suffered actual pecuniary damages.

103.   Accordingly, pursuant to Ind. Code § 35-24-3-1, Plaintiffs are entitled to an award of those actual damages as well as statutory treble damages, corrective advertising damages, costs, and reasonable attorneys' fees.

## VII.   DEMAND FOR JURY.

104.   Plaintiffs hereby respectfully request that all issues raised by this Complaint for Damages and for Injunctive Relief be tried by jury.

## VIII.   PRAYER FOR RELIEF.

WHEREFORE, Plaintiffs SWAG MERCHANDISING, INC. (SWAG) and DEVO INC. CORPORATION CALIFORNIA (DEVO) (SWAG and DEVO together may be Plaintiffs), by counsel, Theodore J. Minch, hereby pray for judgment as against the Defendants T.V. STORE ONLINE and FRED HAJJAR, individually (collectively "Defendants"), where said judgment may include but not necessarily be limited to the following relief:

a.   An injunction enjoining Defendants from future use of the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 and the DEVO Right of Publicity, in whatever form;

    b.      An order directing the immediate and complete surrender of any and all merchandise, designs, plans, marketing materials, advertisements, conceptuals, etc. featuring the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 and the DEVO Right of Publicity, to Plaintiffs;

    c.      An award of all damages owed to Plaintiffs as prescribed by, including but not limited to, the Lanham Act, federal common law, the Indiana Right of Publicity Statute, the California Right of Publicity Statute, the Indiana state common law, and /or Indiana code;

    d.      An award of damages, including but not necessarily limited to treble damages, costs, and attorneys' fees as set forth in the applicable statutes in an aggregate amount that is, as yet, undetermined, but which amount continues to accrue, as a result of Defendants' unauthorized and illegal use of the DEVO Intellectual Property, including but not limited to the marks in United States Trademark registration nos. 3161662 and 3167516 and the DEVO Right of Publicity, as herein complained of; and

    e.      All other just and proper relief in the premises.

Respectfully submitted,
SOVICH MINCH LLP


By: _____
Theodore J. Minch (18798-49)
10500 Crosspoint Boulevard
Indianapolis, Indiana 46256
tjminch@sovichminch.com
(317) 335-3601 (t)

*Attorneys for SWAG and DEVO*